

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,242-01

### EX PARTE JEVANTE TREVION MITCHELL-SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1374104 IN THE 230TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to aggravated robbery in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to fifteen years' imprisonment. Although Applicant explicitly waived his right to appeal from the adjudication, he did file a motion for reconsideration, which the trial court treated as a motion for new trial. The trial court set the motion for a hearing, but through no fault of his own, Applicant was not bench-warranted, and the hearing was not conducted until

after the motion for new trial had been overruled by operation of law.

Applicant contends, among other things,[1] that he was denied due process when he was unable to present evidence in support of the motion for new trial before it was overruled by operation of law. We remanded this application to the trial court for findings of fact and conclusions of law.

Before remand, the trial court entered findings of fact and conclusions of law, recommending that relief be granted on the basis that Applicant was denied due process. We find that Applicant is entitled to the opportunity a hearing on his timely-filed motion for new trial after adjudication in Cause No. 1374104 from the 230th District Court of Harris County. Applicant is ordered returned to that time at which the trial court has jurisdiction to consider the motion for new trial, and to conduct a hearing on that motion if necessary. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant for the motion for new trial. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to have the trial court consider his motion for new trial, he must take affirmative steps to request a hearing on the motion for new trial within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 14, 2015
Do not publish

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.